United States District Court
Southern District of Texas
**ENTERED**
September 02, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| TAMANPREET SINGH | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-cv-500 |
| | § | |
| WARDEN OF THE RIO GRANDE | § | |
| PROCESSING CENTER[1] *et al.* | § | |

**ORDER**

Before the Court is Petitioner's Motion to Enforce Order (Dkt. No. 12). Petitioner argues that Respondents defied the Court's Order to provide him with a bond hearing and he requests his immediate release (Dkt. No. 12 at 3). Upon review of the docket, the Court cannot ascertain whether Respondents have notice of this action.

Shortly after Petitioner initiated this action, the Court ordered Respondents to file a response and serve it on Petitioner within a designated timeframe (Dkt. No. 4 at 1). As a courtesy, the Court emailed a copy of its Order and Petitioner's Writ of Habeas Corpus to the Southern District of Texas's Civil Chief Daniel Hu (Dkt. No. 4 at 1). However, the Court *explicitly* cautioned that "[s]uch service does not substitute for the requirements of formal service" and directed Petitioner "to serve Respondents in accordance with Rule 4(i) of the Federal Rules of Civil Procedure and include a copy of this Order with that service" (Dkt. No. 4 at 1–2).

Federal Rule of Civil Procedure 4(i)(2) designates that certain United States Agencies and its officers must be served by registered or certified mail. Under the Rule, a party must serve the United States attorney for the district via registered or certified

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Todd Blanche is automatically substituted for Respondent Pamela Bondi in this case. The Clerk of Court is **DIRECTED** to substitute this party on the docket sheet.

mail. Fed. R. Civ. P. 4(i)(1)(A)(i)–(ii). Without Petitioner's affirmative representation of service, the Court cannot be sure if Petitioner appropriately served Respondents.

The Court's skepticism deepens, as Petitioner's counsel seemingly did not confer with Respondents before filing his post-judgment pleading (*see* Dkt. No. 12). *See* L.R. 7.1 (requiring that "movant has conferred with the respondent" when filing an opposed motion). There is no indication that Petitioner's counsel ever attempted to confer with Respondents, let alone that Respondents refused to confer.

While the Court would not ordinarily insert itself, it cannot, in good faith, order compliance with an Order that it is unconvinced Respondents ever received. Accordingly, the Court **ORDERS** Petitioner and Respondents to confer on this matter and file a joint advisory, no later than **September 8, 2026, at 5:00 p.m.** During the conference, they should also discuss whether Petitioner is entitled to a bond hearing or release.

The Court further **ORDERS** that if Respondents seek any relief, they must file a motion by **September 10, 2026, at 5:00 p.m.** It is further **ORDERED** that if Petitioner elects to file a reply, they may do so no later than five (5) days after Respondents file their respective motion.

The Clerk of Court is **DIRECTED** to electronically serve this Order on the Southern District of Texas's Civil Chief at USATXS.CivilNotice@usdoj.gov.

It is so **ORDERED**.

**SIGNED** September 2, 2026.

Marina Garcia Marmolejo
United States District Judge